**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THEODORE MONTGOMERY,

      Plaintiff-Appellant,

v.

THE CITY OF ARDMORE,

      Defendant-Appellee.

No. 05-7133
(D.C. No. 99-CV-374-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

Plaintiff Theodore Montgomery appeals from an order of the district court granting defendant The City of Ardmore's (the City) motion for summary judgment on his claim for denial of pre-termination due process in connection with the loss of his job as police officer. We have jurisdiction pursuant to 28 U.S.C. §1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Background

The facts surrounding the termination of Mr. Montgomery's employment as a police officer for the City are set forth in detail in *Montgomery v. City of Ardmore*, 365 F.3d 926, 930-33 (10th Cir. 2004). We restate them here briefly.

In the spring of 1997, Mr. Montgomery claims that he found himself at odds with his co-workers concerning a criminal investigation of the City's police chief. On June 26, 1997, the same day he learned that the district attorney was accusing him of interfering with the investigation, he began suffering from intense headaches and blurred vision. After being sent home by the interim police chief as a result of his ailments, he sought treatment for stress and high blood pressure.

A few days later, the district attorney's statements concerning Mr. Montgomery's alleged interference with the criminal investigation were published in the local newspaper. Shortly thereafter, the Fraternal Order of Police (FOP) published a response urging him to cooperate in the investigation. On July 1, 1997, still suffering from his ailments, he began an extended medical leave.

In August 1997, Mr. Montgomery learned that he would not be paid while absent from work because the City disputed his eligibility for long term disability benefits. Thereafter, he received short term disability benefits through the police pension system. Okla. Stat. Ann., tit. 11, § 50-116.1 (1994).

It was not until May 1998, that Mr. Montgomery first approached the police department about returning to work, at which time the interim police chief told him that he could not come back to work until he had a doctor's release. On August 24, 1998, he telephoned the former interim chief (now the deputy chief) and asked about returning to work in September 1998, when he anticipated receiving the necessary release. The deputy chief told him that the City would not allow him to return to work and that he should call the new police chief. During a call with the chief, he was told that his job had been eliminated and "[he] was not going to be able to return to work." Aplt. App. at 91.

On September 28, 1998, the City formally terminated Mr. Montgomery's employment (effective August 15, 1998), pursuant to Section 116.9 of its Employee Handbook, which provides that "[a]n employee shall be removed from [long term disability] leave, forfeit all privileges that go with such leave and have employment terminated if . . . [t]he employee has been on [long term disability] leave for more than 365 days." *Id*. at 234.

### The District Court and Tenth Circuit Proceedings

In March 1999, Mr. Montgomery filed a suit against the City, the FOP, and the district attorney, alleging violations of his constitutional rights under 42 U.S.C. § 1983, conspiracy to violate his constitutional rights, and state law tort claims for negligence, breach of contract, intentional infliction of emotional

-3-

distress, and defamation. The district court granted defendants' motions for summary judgment, and he appealed to this court.

In *Montgomery*, 365 F.3d at 944, we affirmed summary judgment except as to Mr. Montgomery's pre-termination due process claim against the City, holding that the August 24, 1998, telephone conversations with police officials did not constitute a pre-termination hearing. As to possible damages on remand, we explained that

> [g]enerally, damages for procedural due process violations may include damages arising out of the termination of employment if there is a causal connection between the termination and the failure to provide a hearing. However, if [the City] can establish that [Mr. Montgomery] would have been terminated even if a proper hearing had been given, [he] cannot receive damages stemming from the termination in an action for a procedural due process violation.

*Id.* at 937 (citations and quotation marks omitted). Noting that the record suggested that the City would have terminated Mr. Montgomery even if it had provided him with a pre-termination hearing, we nonetheless remanded the case to the district court for further proceedings. *Id.*

In ruling on the City's motion for summary judgment, the district court found that: (1) Mr. Montgomery began an extended medical leave on July 1, 1997; (2) as of August 14, 1998, (the day before his termination became effective) he had not received a medical release to return to work; and (3) he had been on medical leave for more than 365 days when his employment was terminated. As to whether a pre-termination hearing would have changed the

-4-

outcome, the district held that the "grounds for [his] termination were clearly set forth" in the Employee Handbook, and that "[the City's] termination of [his employment] was justified and inevitable." *Id.* at 318-19. The court granted the City's motion for summary judgment, and this appeal followed.[1]

**Analysis**

We review the district court's grant of summary judgment de novo, viewing the evidence and drawing the reasonable inferences therefrom in the light most favorable to the nonmoving party. *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004). Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Mr. Montgomery advances two arguments on appeal. First, he claims that the City can terminate his employment only for just cause pursuant to the Collective Bargaining Agreement (CBA) between the City and the FOP. Alternatively, he argues that if the Employee Handbook controls, it only allows the City to terminate his employment if he is on long term disability leave.

The City, on the other hand, argues that the district court correctly found that the Employee Handbook controls, and that it requires the termination of any employee whose medical leave extends beyond 365 days. Thus, the City claims

---

[1] Although the district court denied compensatory damages, it awarded Mr. Montgomery $1 in nominal damages for the procedural due process violation.

that it met its burden of proving that Mr. Montgomery's employment would have been terminated even if he had been given a proper pre-termination hearing.

We acknowledge that certain conditions of Mr. Montgomery's employment are governed by the CBA. This is not the end of the inquiry, however. Section 4.1 of CBA provides that it is

> the prerogative of the City to operate and manage its affairs in all respects and in accordance with its responsibilities, and power or authority which the City has not officially abridged, delegated, granted or modified by [the CBA] are retained by the City, and remain exclusively, without limitation, within the rights of the City.

Aplt. App. at 249. Admittedly, Section 4.3(a) provides that the City has the right to "hire, demote, suspend or discharge for just cause," *Id.*, but that is not the *only* right retained by the City. Instead, Section 4.3(h) provides that the City has the right to "establish, modify and enforce personnel policies and procedures adopted by the City." *Id.* And although Section 4.6 provides that the CBA shall supercede the City's personnel policies that conflict with its terms, there are no conflicts here. In fact, as to sick leave (the only section of the CBA that arguably applies), Section 12.1 states that "sick leave shall be accrued and used pursuant to the terms of the [City's] Personnel Rules." *Id.* at 260.[2]

As to whether the City's personnel policy was properly enforced against Mr. Montgomery, we agree with the district court's result, but for a different

---

[2] The CBA's section on sick leave does contain rules concerning donated leave, which are irrelevant in this case.

-6-

reason.  While it is true that the City opposed his request for long term disability, this does not mean that he was not deemed to be on long term disability leave at the time his employment was terminated.  Section 115.1 of the Employee Handbook provides that

> [f]or the purposes of these rules, temporary disability shall be defined as any non-job related injury, illness, or other medically related situation which prevents an employee from working for a period of at least 2 weeks but not more than 180 calendar days.  *Any period of disability in excess of 180 days will be considered long term disability.*

*Id.* at 233 (emphasis added).  In turn, as noted, Section 116.9 provides that "[a]n employee *shall* be removed from [long term disability] leave, forfeit all privileges that go with such leave and have employment terminated if any of the following occurs:  [t]he employee has been on [long term disability] leave for more than 365 days."  *Id.* at 234 (emphasis added).  Therefore, the City was required to terminate his employment and no pre-termination hearing would have changed the outcome.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-7-